```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 08-60034-CIV-ZLOCH
```

JEANETTE PARKER, as Personal
Representative of the Estate
of Michael Parker,

    Plaintiff,

                                    **O R D E R**

and

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Hartford Life And Accident Insurance Company's Motion To Determine Standard Of Review, Limit Discovery And Limit Admissible Evidence (DE 17). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Jeanette Parker commenced the instant action seeking to recover unpaid insurance proceeds under the terms of a life insurance policy issued through the employer of the late Michael Parker by Defendant Hartford Life And Accident Insurance Company. Michael Parker was killed when the all-terrain vehicle he was riding flipped over and crushed his chest. At the time of his death, Parker evidently had a blood alcohol level of .27%. In response to Plaintiff's submission of a claim for insurance benefits, Defendant paid life insurance benefits but denied benefits under the Accidental Death & Dismemberment portion of the

policy.  Plaintiff argues that a product defect in the vehicle was to blame for Parker's death despite his BAC.  By the instant action, she seeks the unpaid Accidental Death & Dismemberment benefits.  Plaintiff's claim concerns an employee welfare benefit plan and is thus is governed by the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA").  29 U.S.C. §§ 1001 et seq.

Although the instant Motion (DE 17) is styled as one for discovery, it is essentially seeking partial summary judgment. Defendant asks the Court first to determine the standard of review it will apply to Defendant's decision on Plaintiff's claim for benefits.  In support of its position that the arbitrary and capricious standard of review should be applied, Defendant cites to cases from the Supreme Court and in several other Circuits. Following upon the conclusion that arbitrary and capricious review applies, Defendant seeks an order limiting the Court's consideration, and thus discoverable evidence, to the content of the record before it at the time of its decision.  However, Defendant fails to cite to the Court recent and controlling case law in this Circuit on the very issue of the standard of review to apply.  The Eleventh Circuit has succinctly framed the six-step analysis courts are to apply to denial of benefit cases arising under ERISA.  See Doyle v. Liberty Life Assur. Co. of Boston, 511 F.3d 1336, 1340 (11th Cir. Jan. 7, 2008), citing Williams v.

Bellsouth Telecommunications, Inc., 373 F.3d 1132, 1138 (11th Cir. 2004).  Under Doyle and Williams, any determination of the standard of review to be applied necessarily implies full consideration of Defendant's decision.  Such a determination is properly made at summary judgment or at trial and not in a motion that closely resembles a motion for a protective order.  Should the issue become ripe for consideration, further briefing will be necessary.

Therefore, the Court will deny the instant Motion on the basis that it is premature.  Defendant is free, in conjunction with a motion for summary judgment, to address the issues raised in the instant Motion (DE 17) in conformity with and citing applicable precedents from this Circuit on the standard of review and the scope of review to be used.  Any motion and response thereto will address fully whether the Court must limit its review to the record before Defendant at the time of its decision.  Since this action involves both a benefit determination based on the terms of the plan and the additional question of a possible defective product and its role in Plaintiff's decedent's death, the Parties will address whether the instant action is analogous to or distinguishable from Eleventh Circuit case law limiting review to the record before the ERISA claims administrator. E.g., Buckley v. Metropolitan Life, 115 F.3d 936 (11th Cir. 1997) (affirming the denial of benefits due to insured's failure to timely file forms required for coverage and refusing to consider the forms after the

fact); Jett v. Blue Cross and Blue Shield of Ala., Inc., 890 F.2d 1137 (11th Cir. 1989) (affirming the denial benefits based on a finding of no medical necessity and refusing to consider additional evidence on the issue of medical necessity not previously presented).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Hartford Life And Accident Insurance Company's Motion To Determine Standard Of Review, Limit Discovery And Limit Admissible Evidence (DE 17) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___9th___ day of May, 2008.

```
                                      /s/ William J. Zloch
                                _____
                                WILLIAM J. ZLOCH
                                United States District Judge
```

Copies furnished:

All Counsel of Record