UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60034-CIV-ZLOCH

JEANETTE PARKER,

    Plaintiff,

vs.                            **FINAL ORDER OF DISMISSAL**

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff Jeanette Parker's Motion To Voluntarily Dismiss This Action (DE 27). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of her Complaint (DE 2) in Florida state court seeking benefits payable under the terms of a life insurance policy issued through the employer of the late Michael Parker by Defendant Hartford Life And Accident Insurance Company. Mr. Parker was killed when the all-terrain vehicle he was riding flipped over and crushed his chest. At the time of his death, Parker evidently had a blood alcohol level of .27%. Defendant removed this action from state court on the basis that Plaintiff's state law claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. (2006), and thus this Court had jurisdiction. Defendant previously filed its Motion For Summary Judgment (DE 21), and Plaintiff has not yet filed her Response thereto.

By the instant Motion (DE 27), Plaintiff seeks leave to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). The basis of this Motion is that Plaintiff desires to investigate the possible defect in the all-terrain vehicle and submit that information to Defendant under the ERISA claims procedure. DE 27, ¶ 8.[1]

Rule 41(a)(1) allows a plaintiff to voluntarily dismiss an action without consent of the defendant only if the defendant has not answered or filed a motion for summary judgment. Other than when a defendant has not yet answered or moved for summary judgment, a plaintiff may only voluntarily dismiss an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court; thus, a plaintiff holds no right to such dismissal. Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991). What is more, in exercising its discretion, the court must 'keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.' Id. at 1503.

In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1259 (11th Cir. 2006). While the Court must be conscious to protect defendants in applying Rule 41(a)(2), "[m]any courts have taken the sensible position that dismissals without prejudice generally

---

[1] The Court expresses no opinion on whether this is would be a proper or timely submission to Defendant.

should be granted by the district court if no prejudicial effects would result for the opposing party." 9 Wright & Miller, Federal Practice and Procedure: Civil 3d § 2364 (3d ed. 2008). When a dismissal under Rule 41(a)(2) is granted "the court may impose terms and conditions on dismissal, and many courts have done so." Id.

The Court will grant Plaintiff's instant Motion (DE 27) for the purpose of allowing her to investigate whatever facts and circumstances she deems necessary in order to properly prosecute her claim. The Court has the discretion to impose just terms on the granting of the instant Motion. Fed. R. Civ. P. 41(a)(2). Because Plaintiff's initiation of the instant action understandably caused Defendant to incur certain costs in defending against the same, the Court shall award Defendant its costs incurred in the instant action upon proper motion by Defendant, if and when Plaintiff refiles "an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d); see also Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1254 (11th Cir. 2001).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Jeanette Parker's Motion To Voluntarily Dismiss This Action (DE 27) be and the same is hereby **GRANTED**;

2. The above-styled cause be and the same is hereby **DISMISSED**

without prejudice;

3. The Court retains jurisdiction solely for the award of any court costs sought by Defendant Hartford Life And Accident Insurance Company upon Plaintiff's refiling of an action based on or including the same claim against said Defendant; and

4. To the extent not otherwise disposed of herein, all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___30th___ day of September, 2008.

```
                          /s/ William J. Zloch
                          _____
                          WILLIAM J. ZLOCH
                          United States District Judge
```

Copies furnished:

All Counsel of Record